UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERINI/TOMPKINS JOINT VENTURE and
GILFORD CORPORATION,

       Plaintiffs,                          CASE NO. 12-10234
                                              HON. LAWRENCE P. ZATKOFF

v.

COMERICA BANK,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 8th day of April, 2014

PRESENT:    THE HONORABLE LAWRENCE P. ZATKOFF
                       UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Docket #42). Therein, Plaintiffs argue that they are entitled to summary judgment on the issue of damages in the amount of $1,310,000. Plaintiffs argue that they are entitled to $1,310,000 because: (1) they made various payments to MSW[1] in April and June 2008, and MSW made three payments totaling $1,310,000 to Defendant almost concurrently therewith, (2) some laborers, subcontractors, and/or materialmen had not been paid at that time and/or had to be hired and paid by Plaintiffs to finish the Hotel Project, and (3) based on the Arbitration Awards, Plaintiffs expended more than the $1,310,000 to pay laborers, subcontractors, and/or materialmen to complete the Hotel Project.

---

[1]All acronyms and capitalized terms used herein are ascribed the same meanings defined by the Court in its March 17, 2014, Opinion and Order.

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3). In this case, Plaintiffs have not met their burden.

The Court agrees with Plaintiffs' contention that it may recover up to the $1,310,000 MSW paid to Defendant under the Act. Pursuant to the law set forth in *Blair v. Trafco*, 142 Mich.App. 349, 354-55 (1985), and *People v. Miller*, 78 Mich.App. 336, 343 (1978), Michigan courts have clearly interpreted the Act to not limit a contractor's recovery under the Act to those amounts a subcontractor may have owed to its laborers, subcontractors, and/or materialmen at the time the subcontractor violated the Act. Rather, pursuant to those cases, when a subcontractor to whom the contractor has paid funds violates the Act, the contractor also may recover as much as the amount the contractor had to pay to complete a project the subcontractor did not complete (*i.e.*, by hiring laborers, subcontractors, and materialmen to complete the project). In this case, Defendant cannot be held responsible for more than the $1,310,000 MSW paid to Defendant out of the Relevant Payments Plaintiffs made to MSW.

Plaintiffs contend that they are entitled to $1,310,000 because that is the amount MSW paid to Defendant immediately after being paid greater sums by Plaintiffs. The Court cannot make that

finding as a matter of law, however, based on the evidence presented to the Court during briefing of the parties' cross-summary judgment motions. Plaintiffs' motion for reconsideration overlooks the fact that there is a genuine dispute as to how much the laborers, subcontractors, and/or materialmen were owed by MSW and/or had to be paid by Plaintiffs. As discussed in the Court's March 17, 2014, Opinion and Order, the Court was not presented with clear and indisputable evidence that Plaintiffs had to pay at least $1,310,000 to laborers, subcontractors, and/or materialmen for: (a) amounts MSW owed laborers, subcontractors, and/or materialmen on the Hotel Project, and/or (b) funds Plaintiffs had to pay to hire laborers, subcontractors, and/or materialmen to complete the Hotel Project (because MSW failed to complete it). Contrary to Plaintiffs' argument in their motion for reconsideration, the Arbitration Awards do not indisputably demonstrate that Plaintiffs had to pay $1,310,000 (or more) to laborers, subcontractors, and/or materialmen, especially as it is not clear what the term "backcharges" means. Thus, there remains a question of fact regarding the amount of damages to which Plaintiffs are entitled and that issue will have to determined at trial based on the evidence presented there.

    Accordingly, for the reasons set forth above, Plaintiffs' Motion for Reconsideration (Docket #42) is DENIED.

    IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

April 8, 2014