UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERINI/TOMPKINS JOINT VENTURE and
GILFORD CORPORATION,

       Plaintiffs,                            CASE NO. 12-10234
                                                      HON. LAWRENCE P. ZATKOFF

v.

COMERICA BANK,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 2nd day of December, 2014

PRESENT:    THE HONORABLE LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Clarification of Court's April 8, 2014 Opinion and Order or, Alternatively, for Certification of Question to the Michigan Supreme Court (Docket #45). In addition, Plaintiffs have filed a Motion for Leave to File a Renewed Motion for Summary Judgment (Docket #51). The motions have been fully briefed and the parties filed supplemental briefs related to the Defendant's Motion. The Court finds that the facts and legal arguments pertinent to the motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, both motions are denied.

## II.  BACKGROUND

On March 17, 2014, the Court entered an Opinion and Order denying the parties' cross motions for summary judgment.  Plaintiffs then filed a timely motion for reconsideration that the Court denied on April 8, 2014, without entertaining a response from Defendant.  Plaintiffs' motion for reconsideration was denied because the Court concluded that Plaintiffs were not entitled to the relief they sought, *i.e.*, entry of judgment in their favor.  In the April 8, 2014, Opinion and Order, the Court stated:

> The Court agrees with Plaintiffs' contention that it <u>may</u> recover up to the $1,310,000 MSW paid to Defendant under the Act.[1]  Pursuant to the law set forth in *Blair v. Trafco*, 142 Mich.App. 349, 354-55 (1985), and *People v. Miller*, 78 Mich.App. 336, 343 (1978), Michigan courts have clearly interpreted the Act to not limit a contractor's recovery under the Act to those amounts a subcontractor may have owed to its laborers, subcontractors, and/or materialmen at the time the subcontractor violated the Act.  Rather, pursuant to those cases, when a subcontractor to whom the contractor has paid funds violates the Act, the contractor also <u>may</u> recover as much as the amount the contractor had to pay to complete a project the subcontractor did not complete (*i.e.*, by hiring laborers, subcontractors, and materialmen to complete the project).  In this case, Defendant cannot be held responsible for more than the $1,310,000 MSW paid to Defendant out of the Relevant Payments Plaintiffs made to MSW.

## III.  ANALYSIS

### A.    **Motion for Clarification/Certification**

*1.    Clarification*

Defendant expresses confusion about the Court's April 8, 2014, Opinion and Order, and asks the Court to "confirm its March 17, 2014 Opinion and Order."  Defendant's Motion for Clarification could be considered a motion for reconsideration (and, therefore, untimely), but the Court will

---

[1] All undefined terms herein shall have the same meaning ascribed to them in the Court's March 17, 2014, Opinion and Order and/or the Court's April 8, 2014, Opinion and Order.

address it in order to clarify the Court's holding in its April 8, 2014. As stated above, in both a civil case and a criminal case, the Michigan Court of Appeals has:

> clearly interpreted the Act to not limit a contractor's recovery under the Act to those amounts a subcontractor may have owed to its laborers, subcontractors, and/or materialmen at the time the subcontractor violated the Act. Rather, pursuant to those cases, when a subcontractor to whom the contractor has paid funds violates the Act, the contractor also <u>may</u> recover as much as the amount the contractor had to pay to complete a project the subcontractor did not complete (*i.e.*, by hiring laborers, subcontractors, and materialmen to complete the project).

In other words, as stated in the Court's April 8, 2014, Opinion and Order, Plaintiffs are entitled to seek: (1) those amounts MSW may have owed to its laborers, subcontractors, and/or materialmen at the time MSW violated the Act (the "existing obligations"), and (2) those amounts Plaintiffs had to pay to complete a project MSW did not complete (*i.e.*, by hiring laborers, subcontractors, and materialmen to complete the project), up to the the $1,310,000 MSW paid to Defendant out of the Relevant Payments Plaintiffs made to MSW ("costs to complete the project").

In addition, the Court will spell out why it denied Plaintiffs' motion for reconsideration. The motion for reconsideration was denied because: (a) the relief requested in Plaintiffs' motion for reconsideration was that the Court enter summary judgment against Defendant in favor of Plaintiffs, and (b) notwithstanding the Court's holding that Plaintiffs <u>were entitled to seek</u> both the existing obligations and the costs to complete the project, the Court continued to hold that Plaintiffs are not entitled to summary judgment as there remains a genuine dispute as to the material fact of the amount of damages to which Plaintiffs are entitled.

Accordingly, for the reasons stated above, the Court denies Defendant's motion for clarification as the Court is not persuaded that Defendant's request that the Court confirm its March 17, 2014 Opinion and Order is warranted.

*2.   Certification*

Defendant asks that the Court allow additional briefing and oral argument on, or certify to the Michigan Supreme Court, the issue of the Court's interpretation of the Act. The decision to certify an issue to the supreme court of a state is a discretionary power held by a federal district court. *See Pack v. Norman Corp.*, No. 03-73601, 2006 WL 1109100, at *1 (E.D. Mich. Apr. 25, 2006) ("Certification of an unresolved issue to a state supreme court is not obligatory, but instead lies within the federal court's discretion."). Questions of new or unsettled state law are most appropriate for certification, and the district court may also consider whether a Federal Court of Appeals has examined the issues in question. *Id.*

The Court first notes that the parties briefed this issue extensively in their cross-motions for summary judgment that were addressed in the Court's March 17, 2014, Opinion and Order, including arguments regarding all of the cases cited in the present Motion for Clarification. Thus, contrary to Defendant's implicit suggestions, Defendant had an opportunity to fully address the issue prior to the Court issuing the March 17, 2014, Opinion and Order, which was, obviously, prior to the April 8, 2014, Opinion and Order denying Plaintiffs' motion for reconsideration. Further, the Court reviewed and considered both parties' arguments before issuing those opinions. For those reasons, the Court declines Defendant's desire to allow additional briefing on the issue before this Court.

The Court next acknowledges that the Michigan Supreme Court has not addressed the issue presented in this case. The Court, however, finds that the law has been clearly stated by the Michigan Court of Appeals, *see, e.g., Blair v. Trafco*, 142 Mich.App. 349, 354-55 (1985); *People v. Miller*, 78 Mich.App. 336, 343 (1978), and the Sixth Circuit. *See, e.g., Huizinga v. United States*,

68 F.3d 139 (6th Cir. 1998); *In re Johnson*, 691 F.2d 249 (6th Cir. 1982). Thus, the Court is not persuaded that certifying the issue before this Court to the Michigan Supreme Court is warranted.[2]

Accordingly, for the reasons set forth above, the Court denies Defendant's request that this Court certify any question to the Michigan Supreme Court.

**B.     Plaintiffs' Motion for Leave to File a Renewed Motion for Summary Judgment**

Plaintiffs' motion for leave to file a renewed motion for summary judgment must be denied. First, the Court issued a scheduling order that expressly provided that the dispositive motion cut-off was April 5, 2013. The parties timely filed their cross-motions for summary judgment and the Court ruled on those motions. Therefore, the instant motion for leave to file another dispositive motion, filed 16 months after the dispositive motion cut-off, is untimely. Second, not only did the Court consider whether Plaintiffs were entitled to summary judgment when ruling on Plaintiffs' motion for summary judgment, the Court concluded for a second time that Plaintiffs were not entitled to summary judgment when denying Plaintiffs' motion for reconsideration of the Court's ruling on the summary judgment motions. Third, Plaintiffs representation that they now "are able to provide clear and concise evidence of the amounts they paid to or on behalf of either MSW's laborers or subcontractors . . ." is unsupported. Fourth, even if Plaintiffs could support that representation, Plaintiffs have offered no explanation why such evidence was not provided to the Court when Plaintiffs filed their motion for summary judgment or the motion for reconsideration. Accordingly, for the reasons set forth above, Plaintiffs' motion for leave to file a renewed motion for summary

---

[2]The Court further notes that Plaintiffs filed their cause of action in Oakland County Circuit Court, *i.e.*, the same state court system to which Defendant now asks this Court to certify this issue. The fact that Defendant elected to remove the case to this Court from that very state court system Defendant now wishes to have decide this issue cannot be ignored or deemed irrelevant.

judgment is denied.

## IV.  CONCLUSION

Accordingly, for the reasons set forth above,

(1) Defendant's Motion for Clarification of Court's April 8, 2014 Opinion and Order or, Alternatively, for Certification of Question to the Michigan Supreme Court (Docket #45) is DENIED; and

(2) Plaintiffs have filed a Motion for Leave to File a Renewed Motion for Summary Judgment (Docket #51) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2014